# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEFFREY CUMMINGS, | * | |
| Petitioner | * | |
| v | * | Civil Action No. ELH-16-3833 |
| STATE OF MARYLAND, | * | |
| Respondent | * | |
| | ******* | |

## MEMORANDUM

On November 16, 2016, Jeffrey Cummings filed a petition for writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2241, challenging the failure of the Maryland Parole Commission ("Commission") to hold a timely revocation hearing regarding the retake warrant that was served on him on October 11, 2016. ECF 1. Respondent has filed an Answer to the Petition (ECF 8), urging dismissal of the Petition on the ground that Cummings failed to exhaust his claim in State court prior to instituting this case. ECF 8. The Answer is supported by several exhibits.

## I. Background

Cummings, a State inmate, was released on mandatory supervision from the Maryland Division of Correction ("DOC") on January 15, 2016. ECF 8-2; ECF 8-3 at 3. The Commission issued a retake warrant for Cummings on June 16, 2016. ECF 8-4. He was returned to custody on June 21, 2016. ECF 8-3 at 1. The Commission held a hearing on September 21, 2016. ECF 8-5. At that time, Cummings was found not guilty of violating the terms of his release, and he was returned to mandatory supervision release, with additional conditions. *Id*. He was released from confinement the following day. ECF 8-3 at 1.

The Commission issued a second retake warrant for Cummings on October 5, 2016. ECF 8-6. As a result, Cummings was taken into custody on October 11, 2016. ECF 8-3 at 1. However, the warrant was recalled by the Commission on December 23, 2016, and Cummings was released that same day. ECF 8-7; ECF 8-3 at 1.

The Commission issued a third retake warrant for Cummings on January 5, 2017. ECF 8-8; ECF 8-9. Pursuant to the warrant, Cummings was returned to the custody of the DOC, on January 10, 2017. ECF 8-3.

As of the date of the filing of respondent's Answer, Cummings had not filed any action in State court challenging his detention on a retake warrant issued by the Parole Commission. ECF 8-10.

## II. Discussion

Under 28 U.S.C. § 2254(b), (c), a State prisoner seeking federal habeas corpus relief generally must first present his claim to the appropriate State courts. *Gray v. Netherland*, 518 U.S. 52, 161-65 (1996); *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). Notably, "the petitioner bears the burden of demonstrating that state remedies have, in fact, been exhausted." *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir.), *cert. denied*, 513 U.S. 1047 (1994).

At the time of the filing of the Petition, Cummings awaited a parole revocation hearing. He claimed he was entitled to release from detention based on his assertion that he was entitled to a revocation hearing within 60 days of being detained on a parole retake warrant. ECF 1. The relevant Maryland regulation provides:

> A parole revocation hearing shall be held within 60 days after apprehension of the parolee on the parole violation warrant, *except that failure to hold the hearing within the 60-day period may not be in contravention of this paragraph if the parole violation warrant is not the sole document under which the parolee is detained or incarcerated*. This paragraph may not serve to invalidate the action of the Parole Commission in revoking the parole of an

> individual if, under all the circumstances, the revocation hearing is held within a reasonable time after the parolee was apprehended and detained for violation of parole under the parole violation warrant.

COMAR 12.08.01.22.F(2)(A) (emphasis supplied).

Although Cummings asserts he is being held solely for the retake warrant issued by the Commission, he also states he has been charged with a new criminal offense. ECF 1. Thus, it appears that the parole retake warrant is not the sole document under which Cummings is currently detained, making the 60 day hearing requirement potentially inapplicable.

It also appears that Cummings's claim regarding the retake warrant of October 5, 2016, is moot. This is because the Commission recalled that warrant on December 23, 2016. ECF 8-3; ECF 8-7. Cummings's current confinement is based on a new warrant issued by the Commission on January 5, 2017. ECF 8-9.

To the extent that Cummings seeks an order mandating that the Commission provide him with a parole revocation hearing, this court does not have jurisdiction to grant such mandamus relief. Under 28 U.S.C. § 1361, a federal district court has original jurisdiction as to any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. But, such mandamus jurisdiction does not apply to the Commission or its employees. *See Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969).

To the extent that Cummings seeks an order requiring his release from detention, the claim is a matter of State law and, before federal habeas relief may be granted, the claim must first be presented for review to the appropriate State courts. *See Francis v. Henderson*, 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to

forgo the exercise of its habeas corpus power."); *see also Timms v. Johns*, 627 F. 3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to § 2241 petition challenging civil commitment).

State courts are afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). Thus, before filing a federal habeas petition, Cummings must exhaust his claims by pursuing remedies available in the Maryland courts. *See Rose v. Lundy*, 455 U. S. 509, 521 (1982). And, the claims must be fairly presented. This means that Cummings must present both the operative facts and the controlling legal principles. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). In addition, exhaustion includes the pursuit of appellate review in the Maryland Court of Special Appeals and, if appropriate, a petition for writ of certiorari to the Maryland Court of Appeals. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987).

Cummings has not completed this process. Therefore, dismissal is appropriate, without prejudice.

A separate Order follows.

 August 29, 2017  　　　　　　　/s/_____
Date  　　　　　　　　　　　　Ellen L. Hollander
　　　　　　　　　　　　　　　United States District Judge